In view of the foregoing, the claim of the plaintiff for classification of the instant merchandise under paragraph 1413, *supra*, is overruled. Judgment will be entered accordingly.

BEFORE THE THIRD DIVISION, DECEMBER 12, 1950

**No. 54968.**—Keystone Tanning & Glue Co. et al. *v.* United States, protests 129789–K (C), etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 54969.**—The Dynamo Tulle Importing Co., Inc., et al. *v.* United States, protests 156196–K, etc. (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 54970.**—Aris Gloves, Inc. *v.* United States, protest 156238–K (New York).

Opinion by EKWALL, J. It was stipulated that the Federal Reserve bank certified dual rates of exchange for the currencies involved in the liquidation of the entries for the dates of exportation of the merchandise covered by the entries and that the circumstances relating to the liquidation of the said entries are similar in all material respects to those in Abstract 54732. In view of this stipulation and following the cited decision it was held that the currencies of the invoices covered by certain enumerated entries should have been converted in the manner directed by the judgment of this court in said Abstract 54732, in accordance with Bureau of Customs Circular Letter No. 2675, dated October 19, 1949.

**No. 54971.**—Associated Merchandising Corp. et al. *v.* United States, protests 96842–K, etc. (New York).